IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA U. LEVY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-2177-M-BK |
| 7-ELEVEN STORES,<br>    Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint against 7-Eleven Stores, along with a motion to proceed *in forma pauperis*. For the reasons that follow, it is recommended that this action be dismissed.

**I. BACKGROUND**

Plaintiff re-alleges the discrimination, retaliation, and false imprisonment claims she is presently litigating against Defendant in the United States District Court for the Eastern District of California. *See Levy v. 7-Eleven*, No. 2:13–CV–982, 2013 WL 2286274 (E.D. C.A. May 23, 2013) (magistrate judge's findings recommending dismissal as frivolous). Specifically, Plaintiff asserts that on May 13, 2013, a female employee at Defendant's Los Angeles, California store "sexually harassed, bullied and falsely imprisoned her" by calling her "Sweetheart," and that "the trauma caused her to sustain neck injuries." (Doc. 3 at 1-3). Plaintiff further alleges that an employee at Defendant's store in Sacramento "defamed, bullied and falsely imprisoned her in March 2013." *Id.* at 3. She contends that "sexual harassment and false imprisonment are bullying," and that "some women have bullied [plaintiff] all her life for not aging." *Id.* at 3-4.

According to Plaintiff, "since then she began to promote the economy by suing corporations for acts of discrimination." *Id.* at 4.[1]

Over the past ten years, Plaintiff has filed more than 300 cases in federal courts nationwide under the names of Amanda U. Levy, Amanda U. Ajuluchuku, and Amanda U. Ajuluchuku-Levy. *See* Public Access to Courts Electronic Records (PACER) for a full listing of Plaintiff's cases under her various names.[2] A random sampling indicates that the vast majority of these lawsuits were dismissed as frivolous or for failure to state a claim. At least two courts have recognized that Amanda U. Levy and Amanda U. Ajuluchuku are the same person. *See Levy v. Rite Corporation*, No. 1:13-CV-0629, Memorandum at 8 (M.D. Pa. Apr. 22, 2013); *Levy v. Hyatt Hotels Corp.*, 1:13-CV-2005, Order at 2 (N.D. Ill. Mar. 20, 2013).

Moreover, courts have restricted Plaintiff from filing suits or warned her that sanctions would be imposed if she persisted. *See Levy v. Hyatt Hotels Corp.*, 1:13-CV-2005, Order at 2 (N.D. Ill. Mar. 20, 2013) (collecting prior sanction orders and placing Plaintiff's name on list of restricted filers); *Levy v. Rite Corporation*, No. 1:13-CV-0629, 2013 WL 1736799, at *4 (M.D. Pa. Apr. 22, 2013) (sanction warning); *In the Matter of Amanda U. Levy*, No. 1:13-CV-02544 (N.D. Ill. Apr. 5, 2013) (barring Plaintiff from filing for a six-month period); *Ajuluchuku-Levy v. Great Stops*, No. 2:09-CV-5130 (C.D. CA. Sep. 8, 2009) (declaring Plaintiff a vexatious litigant and prohibiting her from filing any further litigation alleging claims of race, national origin,

---

[1] The complaint in this action is practically identical to the one filed in the Eastern District of California.

[2] It appears that Plaintiff has filed under other permutations of her name, such as Amanda U. Ajuluchuku Levy, Amanda U Ajuluchuku-Levy, Amanda U Ajuluchuku Levy, and Ajuluchuku Levy. *See Ajuluchuku-Levi v. Great Stops*, No. 2:09-CV-5130 (C.D. CA. Sep. 8, 2009).

disability, or other discrimination, without further order of the court)[3]; *Ajuluchuku-Levy v. Schleifer*, No. 08-CV-1752, 2009 WL 4890768, at *7-8 (E.D. N.Y. Dec. 15, 2009) (sanction warning); *Ajuluchuku v. Southern New England School of Law*, No. 1:05-MI-0251, 2006 WL 2661232, at *6-7 (N.D. Ga. Sep.14, 2006) (listing Districts where Plaintiff had been formally restrained from filing cases, and barring her from filing cases without full payment of the statutory filing fee); *Ajuluchuku v. Yum! Brand. Inc., Ltd.*, No. 3:05-CV-826–H, 2006 WL 1523218, at *2 (W.D. Ky. May 23, 2006) (barring Plaintiff from proceeding *in forma pauperis*).

In 2006, this Court also sanctioned Plaintiff $250 for her continuous filing of frivolous lawsuits and misuse of the judicial system, and barred her from filing any civil actions in this Court until the sanction was paid in full. *Ajuluchuku v. Wachovia Corp.*, No. 3:06-CV-0612-L, 2006 WL 2795540 (N.D. Tex. Sep. 27, 2006). As of the filing of this recommendation, however, the $250 sanction remains unpaid.

## II. ANALYSIS

Since Plaintiff has not paid the $250 sanction imposed in No. 3:06-CV-0612-L, she is barred from filing this action in this Court until that sanction is paid in full. Notwithstanding the prior sanction, the allegations in this case duplicate the claims that Plaintiff is pursuing in in the Eastern District of California and, thus, her complaint is frivolous. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff"). In addition, in light of the duplicative nature of the complaint and Plaintiff's lengthy and notorious history of filing frivolous lawsuits, her request to proceed *in forma pauperis* should be denied and additional sanctions should be imposed. *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993)

---

[3] The August 6, 2009, Order to Show Cause in No. 2:09-CV-5130 collects Plaintiff's lengthy and vexatious filing history.

(Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Plaintiff be **BARRED** from filing this action in this Court until the $250 sanction imposed in Case No. 3:06-CV-0612-L is paid in full. It is further recommended that, as an additional sanction, Plaintiff be **RESTRICTED** from proceeding *in forma pauperis* in any future action filed in this Court.

SIGNED June 24, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE